IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VICKIE L. CHANCELOR                                                                                  PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 3:04-cv-681WS

NISSAN NORTH AMERICA, INC.                                                                    DEFENDANT

### ORDER GRANTING SUMMARY JUDGMENT

Before this court is defendant's motion for summary judgment filed pursuant to Rules 56(b) and (c),[1] Federal Rules of Civil Procedure. The defendant herein is Nissan North America, Inc. (hereinafter "Nissan"). Plaintiff here is Vickie L. Chancellor, who complains that Nissan terminated her employment in violation of the Americans With Disabilities Act ("ADA"), Title 42 U.S.C. §§ 12101[2] et seq.; and Title VII of The Civil

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2] The stated purpose of the ADA is to provide a "national mandate" for the elimination of discrimination against disabled individuals, with congressional authority providing the federal government a central role in enforcement of standards which address the major areas of

1

Rights Act of 1964, Title 42 U.S.C. §§ 2000e[3], et seq.  Plaintiff's complaint also asserts a state law claim of intentional infliction of emotional distress.

In its motion for summary judgment, Nissan asks this court to dismiss this lawsuit in its entirety, arguing that the material facts are undisputed and that the applicable law favors a grant of its motion.  Although plaintiff opposes the motion, this court is persuaded to grant it for the reasons which follow.

## Facts and Procedural History

Plaintiff was hired by defendant on May 12, 2003, as an assembly line production technician.  Her primary task was to install outside mirror assemblies on automobiles.  On October 1, 2003, plaintiff sustained a job-related injury to her arm and shoulder.  She was treated by a physician who returned her to work with temporary restrictions.  Thereafter, Nissan sought to provide plaintiff various work accommodations.  In November, 2004, plaintiff's physician imposed permanent restrictions since ongoing treatment had failed to relieve plaintiff's symptoms of distress.  Plaintiff continued to work after this time, experiencing ongoing physical distress.  On May 4, 2004, defendant terminated plaintiff's employment.  As ground for the termination, defendant asserted that plaintiff was unable to perform the essential functions of "her job or any other job at Nissan's Canton facility for which she was otherwise qualified but for her restrictions."  Defendant's Answer, ¶ 8.

---

discrimination faced by the disabled.  42 U.S.C. 12101(b)(1)-(4).

[3]Congress enacted Title VII as part of the Civil Rights Act of 1964 to provide persons a means of recovery for injuries suffered as a result of unlawful employment discrimination.  Title VII extends to discrimination on the basis of race, color, religion, national origin, or gender.

On August 24, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and thereafter obtained a "Right to Sue" letter. She timely filed[4] this lawsuit on August 27, 2004, alleging violations under Title VII and/or the ADA, as well as a Mississippi state-law claim for intentional infliction of emotional distress. This court has subject matter jurisdiction over this lawsuit under Title 28 U.S.C. § 1331[5] and under Title 28 U.S.C. § 2000e-5 since plaintiff's complaint seeks relief under a federal statute.

## Standard for Summary Judgment

Summary judgment is appropriate when the material facts are undisputed and the applicable law directs a verdict for the movant. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004); *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). So, the court's first task is to determine if material facts are in dispute. *Am. Home Assurance Co.*, 378 F. 3d at 486. In the absence of material disputed facts, the court next turns to the applicable law, which is applied to evidence viewed in a light most favorable to the non-movant. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 847 (Miss. 2001).

---

[4]Title 42 U.S.C. § 2000e-5(e)(1) requires one to file a claim with the EEOC within 180 days after the occurrence of the challenged discriminatory event, while § 2000e-5(f)(1) mandates a plaintiff to file her complaint with the federal court within 90 days of having received a Right-to-Sue Letter.

[5]Title 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**Analysis**

***Disability Claim***

Plaintiff's first claim alleges "intentional discrimination in the terms and conditions of her employment with defendant because of plaintiff's disability and/or perceived disability in violation of the ADA." See Complaint, p. 1. To recover under this statute, plaintiff must prove the following by a preponderance of the evidence: (1) Chancelor was disabled under the ADA; (2) that she was qualified to perform her job; and (3) that Nissan discharged her because of her disability. See 42 U.S.C. § 12112(a). *See also Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998); *U.S. E.E.O.C. v. E. I. DuPont de Nemours & Co.*, 406 F. Supp.2d 645, 651 (E.D. La. 2005).

Plaintiff says she has a disability recognized by the ADA. Under the ADA, a "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." Title 42 U.S.C. § 12102. According to plaintiff, she suffers from degenerative disc disease with carpal tunnel syndrome. Depo. of plaintiff, pp. 58, 99, 108, 131. Plaintiff next argues that Nissan's refusal to allow her continued employment with reasonable accommodations for her recognized disability provides recoverable grounds for this lawsuit.

Defendant counters that it has no available position for which plaintiff is able to perform the essential functions of the job. According to defendant, repetitive hand motion is an essential function of employment and is consistent with business

4

necessity. Defendant's Memorandum in Support of Motion for Summary Judgment, p. 8. [docket # 21]. Defendant further points to Fifth Circuit precedent establishing that an employer is not required by the ADA to provide reasonable accommodation to an employee with an impairment not recognized as a disability under the ADA. *See Newberry v. East Texas State University*, 161 F.2d 276 (5th Cir. 1998); *Bridges v. City of Bossier*, 92 F.3d 329, 331 (5th Cir. 1996). Here, Nissan says that plaintiff's testimony at deposition that her carpal tunnel syndrome does not substantially limit her major life activities affirms that it is not a disability under the ADA. *Id.* at p. 5.

This court agrees with defendant. The plaintiff herein has no disability that is cognizable by the ADA, which defines disability as a "physical or mental impairment that substantially limits one or more of the major life activities."[6]

Plaintiff's alternative argument for a covered disability claim under ADA fares no better. Plaintiff argues that she need not actually suffer from a "substantially limiting impairment" if her employer, here Nissan, so regards her as suffering. This argument has been rejected by the Fifth Circuit Court of Appeals. *See Newberry*, 161 F. 2d at 280; *Bridges*, 92 F.3d at 331.

### *Intentional Infliction of Emotional Distress Claim*

Plaintiff's second claim is for the intentional infliction of emotional distress (IIED), arising under Mississippi state law. This court has subject matter jurisdiction over this

---

[6] Title 42 U.S.C. § 12102(2)( c). EEOC regulations further define major life activities as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

claim under Title 28 U.S.C. § 1367 supplemental jurisdiction.[7]

Mississippi imposes a very high standard for these claims, requiring proof that the defendant's conduct was wanton and wilful to a degree that evokes outrage or revulsion. *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002). Phrased differently, a plaintiff must prove "acts so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001). Plaintiff's alleged emotional distress also must have been a reasonably foreseeable result of the defendant's conduct. *Wilson v. General Motors Acceptance Corp.*, 883 So.2d 56, 65 (Miss. 2004). A claim for IIED ordinarily does not lie in employment disputes. *Peques*, 913 F. Supp. at 982-83; *Jenkins v. Grenada*, 813 F. Supp. 443, 446-47 (N.D. Miss. 1996); *Lee*, 797 So.2d at 851. Further, an employer is not liable under Mississippi law for the intentional conduct of an employee unless the conduct was authorized or ratified. *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 976 (Miss. 2001).

Plaintiff's proof fails to establish a *prima facie* claim of intentional infliction of emotional distress. Plaintiff's accusation that her supervisor, Charles Robinson, assigned her work duties that violated plaintiff's medical restrictions, even if true, falls far short of the wanton and atrocious conduct required to impose liability. Plaintiff has not produced any evidence that defendant Nissan authorized or ratified any improper

---

[7]Title 28 U.S.C. § 1367 grants the district courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

work assignments;  to the contrary, the evidence here shows that defendant provided ongoing treatment and accommodations.  Plaintiff has not shown any injury resulting from the allegedly improper work assignment.  She has submitted no medical testimony in support of this claim.  Although she contends that Robinson assigned this task to pressure her to quit her job, plaintiff has no direct nor circumstantial proof of such.  In contrast, Robinson has testified that he assigned the task as he did because that task was the only one he had that plaintiff was able to do.  Other available assignments, says Robinson, posed a direct threat to plaintiff's health, based on her medical restrictions.  Plaintiff has submitted no adequate rejoinder to this explanation.

Therefore, viewing the facts in a light most favorable to plaintiff, this court concludes that plaintiff's facts do not support a claim for IIED under Mississippi law; therefore, the court dismisses this claim as well.

### *Motion to Strike*

During this second oral argument on this matter, plaintiff produced an affidavit of Vickie L. Chancellor, with an attached "proposed shift schedule dated May 29, 2003," purporting to show the existence of alternative duty assignments.  Plaintiff only supplied this to defendant at the time of oral argument.  The court is persuaded that nothing in the affidavit impacts on this court's earlier decisions.  Furthermore, the court is satisfied that this affidavit was untimely submitted in response to the motion for summary judgment, and, thus, it is stricken.

**Conclusion**

Having applied the appropriate juridical principles to the undisputed material facts of this lawsuit, viewed in a light most favorable to the non-movant, this court is persuaded to grant summary judgment to defendant Nissan North America, Inc. In accordance with the local rules, this court will enter a Final Judgment.

**SO ORDERED AND ADJUDGED, this the 28th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-681WS
Order Granting Summary Judgment